IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| BEACH MART, INC., | ) | CIVIL ACTION NO. 4:11-cv-149 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| L&L WINGS, INC., | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Beach Mart, Inc. ("Beach Mart"), through counsel, hereby brings this Complaint against Defendant L&L Wings, Inc. ("L&L"), and alleges as follows:

## THE PARTIES

1. Plaintiff Beach Mart is a North Carolina corporation with its principal place of business in Kitty Hawk, North Carolina.

2. Upon information and belief, Defendant L&L is a South Carolina corporation with its principal place of business located in either South Carolina or New York.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201 in that this is an action for declaratory relief relating to a federally registered trademark.

4. This Court has personal jurisdiction over L&L in that the contract at issue (Exhibit A hereto) was entered into in this judicial district, authorizes the use of trademarks in this judicial district, and has been performed within this judicial district. Also, in paragraph 15 of Exhibit A, L&L consented to personal jurisdiction in North Carolina. Moreover, L&L operates several retail stores in North Carolina under the name WINGS that are all within this judicial district. L&L is also authorized to do business in North Carolina, and L&L regularly conducts a significant portion of its business activities in this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Beach Mart's principal place of business is in this district, a substantial part of the events giving rise to this action occurred in this judicial district, and L&L is subject to personal jurisdiction in this judicial district. Furthermore, L&L's actions, as described in detail below, have caused damages to Beach Mart in this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff and defendant are both involved in the operation of retail stores in beach front communities that sell beachwear, sunscreen, sunglasses, souvenirs and related items. Defendant L&L operates stores in several states under the name WINGS, and upon information and belief Plaintiff is the owner of U.S. trademark registration no. 3,458,144 for WINGS in the category of retail apparel stores.

7. Beach Mart and L&L entered into a written agreement dated August 29, 2005, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference (hereinafter "Agreement").

8. In paragraph 1 of the Agreement, L&L granted Beach Mart the exclusive right to use either the name BIG WINGS or SUPER WINGS in the following North Carolina counties: Currituck, Camden, Pasquotank, Perquimans, Chowan, Washington, Tyrrell, and Dare. Pursuant to paragraph 2 of the Agreement, the terms of the Agreement commenced January 1, 2006 and last for so long as Beach Mart continuously trades under at least one of the names BIG WINGS or SUPER WINGS.

9. Beach Mart has continuously traded under the name SUPER WINGS since at least as early as January 1, 2006. Presently, Beach Mart operates SUPER WINGS stores in various of the North Carolina counties listed in paragraph 8 above. Beach Mart has consistently complied with all of its obligations under the Agreement.

10. The only grounds upon which L&L may terminate the Agreement are specified in paragraph 8 of the Agreement. None of these grounds for termination has ever existed, and none presently exists.

11. Notwithstanding the fact that the limited grounds specified for termination of the Agreement by L&L do not exist, L&L has provided notice to Beach Mart that it is purporting to terminate the Agreement. In connection with this purported termination, L&L has provided notice that it is attempting to terminate Beach Mart's right to use the SUPER WINGS and BIG WINGS names and is attempting to force Beach Mart to stop doing business in its stores under the name SUPER WINGS. The grounds alleged for

this purported termination are not valid, do not involve any breach of any obligation under the Agreement, and do not constitute a legitimate basis for termination under the terms of the Agreement.

12. Beach Mart has attempted to convince L&L that its purported termination of the Agreement is not valid and to rescind that purported termination. L&L has refused all such attempts, and upon information and belief L&L takes the position that Beach Mart's exclusive rights to the SUPER WINGS and BIG WINGS names in the specified counties of North Carolina either has expired or will very shortly expire.

13. Upon information and belief, L&L has engaged in the foregoing conduct in an unlawful and unjustified attempt to seize for itself the business that Beach Mart has developed in North Carolina beach front communities, and to seize for itself the goodwill that Beach Mart has developed doing business under the SUPER WINGS name in these communities. The value of the rights conferred in the Agreement which L&L has purported to terminate and seize for itself exceeds $75,000.

## COUNT I
**(Breach of Contract)**

14. Beach Mart incorporates by reference the allegations of paragraphs 1 through 13 above.

15. The Agreement attached as Exhibit A hereto constitutes a valid and binding contract between the parties.

16. Beach Mart has performed all of its obligations under the Agreement.

4

17. L&L has breached the Agreement through the conduct described above, including its purported termination of the Agreement without cause in violation of the terms of paragraph 8 of the Agreement.

18. As a direct and proximate cause of this breach, Beach Mart has been damaged in excess of $75,000.

## COUNT II
**(Declaratory Judgment)**

19. Beach Mart incorporates by reference the allegations of paragraphs 1 through 18 above.

20. Beach Mart has complied with all of its obligations under the Agreement, and L&L does not have any lawful basis to terminate the Agreement or to terminate Beach Mart's rights to continue to use the name SUPER WINGS.

21. In view of L&L' unlawful efforts to terminate the Agreement as described more fully above, there is an actual, justiciable and continuing controversy pursuant to 28 U.S.C. § 2201 concerning the enforceability of the Agreement and concerning Beach Mart's rights to continue using the name SUPER WINGS in its retail stores.

22. To resolve this controversy, Beach Mart is entitled to a judicial declaration holding that L&L has no lawful grounds to terminate the Agreement, that the Agreement

remains in full force and effect, and that Beach Mart is legally entitled to continue using the name SUPER WINGS in its retail stores.

## DEMAND FOR JURY TRIAL

23. Beach Mart hereby requests a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Beach Mart respectfully requests that this Court grant the following relief:

(a) Award damages against L&L, in an amount to be determined at trial, in excess of $75,000;

(b) Issue a declaration that L&L has no lawful grounds to terminate the Agreement, that the Agreement remains in full force and effect, and that Beach Mart has the right to continue its use of the name SUPER WINGS name in its retail stores;

(c) Award Beach Mart its attorneys' fees as provided for in paragraph 15 of the Agreement;

(d) Award Beach Mart its costs of suit;

(e) For a jury trial on all issues so triable; and

(f) For such further relief as the Court deems just and proper.

This the 9th day of September, 2011.

/s/ Charles A. Burke
Jack B. Hicks (N.C. State Bar No. 14129)
jhicks@wcsr.com
Charles A. Burke (N.C. State Bar No. 19366)
cburke@wcsr.com
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3625
Facsimile: (336) 733-8416