IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:11-CV-44-F

| | |
|---|---|
| BEACH MART, INC., ) | |
| ) | |
| Plaintiff and Counterclaim Defendant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| L&L WINGS, INC., ) | |
| ) | |
| Defendant and Counterclaimant. ) | |

This case comes before the court on two motions: (1) a motion (D.E. 56) by defendant and counterclaimant L&L Wings, Inc. ("defendant") to compel production of documents, and (2) a motion (D.E. 66) by plaintiff and counterclaim defendant Beach Mart, Inc. ("plaintiff") to compel answers to interrogatories and production of documents. Both motions have been fully briefed.[1] They have been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(A). (*See* Minute Entry after D.E. 76). For the reasons set forth below, defendant's motion will be allowed, and plaintiff's motion will be denied without prejudice in part and denied in part.

## BACKGROUND

Plaintiff, which is in the business of operating retail stores in beach-front communities, commenced this action on 9 September 2011 against defendant, which operates the same type of businesses in different geographic areas. (Compl. (D.E. 1) ¶ 6). Defendant's businesses operate under the name WINGS in several states, and plaintiff contends that it is the owner of a U.S. trademark registration for WINGS in the retail apparel stores category. (*Id.*). In 2005, the

---

[1] In support of its motion to compel, defendant filed a memorandum (D.E. 57) with exhibits (D.E. 57-1 through 57-16). Plaintiff filed a memorandum (D.E. 60) with exhibits (D.E. 60-1 through 60-2) in opposition.
In support of its motion to compel, plaintiff filed a memorandum (D.E. 67) with exhibits (D.E. 67-1 through 67-9). Defendant filed a memorandum (D.E. 74) with exhibits (D.E. 74-1 through 74-4) in opposition.

parties entered into a Consent Agreement (D.E. 1-1) that permitted plaintiff the exclusive right to use the name BIG WINGS or SUPER WINGS in various North Carolina counties. (Compl. ¶¶ 7, 8). Defendant later purported to terminate the Consent Agreement on terms which plaintiff contends are not permissible under the Consent Agreement. (*Id.* ¶¶ 10, 11).

In its complaint, plaintiff asserts that defendant's purported termination of the Consent Agreement is a breach of contract (*id.* ¶¶ 14-18) and seeks a declaratory judgment (*id.* ¶¶ 19-22) that defendant was not permitted to terminate the Consent Agreement between the parties. Defendant filed an Answer and Counterclaims (D.E. 18) alleging that plaintiff breached the Consent Agreement and violated defendant's rights in the WINGS mark. Specifically, defendant asserts counterclaims for breach of contract (Ans. & CC ¶¶ 35-43), breach of the implied covenant of good faith and fair dealing (*id.* ¶¶ 44-52), trademark infringement pursuant to 15 U.S.C. § 1114 (*id.* ¶¶ 53-64), trademark infringement pursuant to 15 U.S.C. § 1125(a) (*id.* ¶¶ 65-70), unfair trade practices (*id.* ¶¶ 71-78), and common law unfair competition (*id.* ¶¶ 79-83). Plaintiff replied to defendant's counterclaims, generally denying the allegations. (*See generally* Reply to CC (D.E. 21)).

Defendant served its first set of requests for production of documents on 1 February 2012 (D.E. 57-3), to which plaintiff responded on 4 April 2012 (D.E. 57-4). Defendant served its second set of requests for production of documents on 26 April 2012. (D.E. 57-5). Plaintiff served responses on 30 May 2012. (D.E. 57-6).

Plaintiff served its first set of interrogatories and requests for production of documents on 2 February 2012. (D.E. 67-2). Defendant served its responses on 4 April 2012. (D.E. 67-3).

Following failed attempts to resolve their differences, each party now moves to compel the other to respond more completely to certain of its discovery requests. The court will address each motion in turn following a discussion of applicable legal principles.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B).

3

## II. DEFENDANT'S MOTION TO COMPEL

Defendant moves to compel production of documents relating to plaintiff's financial information. Specifically, it moves to compel production of documents responsive to Request no. 17 in its first set of requests for production of documents and Requests no. 3 and 4 in its second set for production.[2] The only issue remaining in dispute with respect to these requests is whether cost and accounting information maintained by plaintiff in a system called QuickBooks must be produced in its native, electronic format. Defendant seeks the information for the time period of 1 January 2006 to the present. Plaintiff has produced a one-page summary of its financial information extracted from QuickBooks records as well as selected portions of the underlying information, but objects to producing all the requested information in electronic format.

Defendant contends that the electronic QuickBooks information sought is relevant to establish damages on its trademark infringement counterclaim. The court agrees. A plaintiff in a trademark infringement case is entitled to recover as damages the profits earned by the defendant as a result of the infringement. 15 U.S.C. § 1117(a); *Mya Saray, LLC v. Al-Amir*, 831 F. Supp. 2d 922, 941 (E.D. Va. 2011) ("Damages under the Lanham Act include '(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.'" (quoting 15 U.S.C. § 1117(a))). Plaintiff's Rule 30(b)(6) witness testified specifically that its sales revenue, profits,

---

[2] Request no. 17 seeks: "[f]or each of Your stores that has used, or is using, the name WINGS, whether WINGS is used by itself or in conjunction with other words, all documents evidencing the revenue, gross and net, generated by that store from December 31, 2005 through the present, including but not limited to income statements and financial statements." (D.E. 57-3 at 16). Where, as here, the original page number and the page number assigned by the CM/ECF electronic filing system differ, citation is to the number assigned by the CM/ECF system.
Request no. 3 asks for "[a]ll cost accounting and other documents showing or evidencing the actual cost of goods or merchandise incurred by You for the purchase of goods or merchandise sold at each of the separate Beach Mart stores and used by You to determine or compute the Gross Profit at each Beach Mart Store for each month, quarter, and year since August 29, 2005." (D.E. 57-5 at 10). Request no. 4 seeks "[a]ll cost accounting and other documents evidencing or showing the cost or expense for each item or element of expense incurred by You to sell good[s] or merchandise and used by You to determine or compute the Net Profit at each Beach Mart Store for each month, quarter, and year since August 29, 2005." (*Id.*).

4

and costs are recorded in its electronic QuickBooks records. (Rule 30(b)(6) Dep. of Wendy Ray (D.E. 57-8) 10:15-22). Plaintiff's QuickBooks records would accordingly appear to be relevant. Defendant should not have to rely on plaintiff's one-page summary of financial information, created in connection with this litigation, without being able to check behind the summary and confirm the accuracy of the underlying data.

Plaintiff contends that other information not relevant to the claims at issue, including data for stores not using the SUPER WINGS name, is found among the electronically formatted QuickBooks information defendant seeks. The court is satisfied, however, not only that this information is potentially relevant, but that any proprietary or confidential information contained therein would be adequately protected from disclosure by the Protective Order (D.E. 52) entered in this case. *See SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2011 WL 2491208, at *5-6 (E.D.N.C. 22 Jun. 2011) (allowing motion to compel production of documents demonstrating all of defendant's profits, even as to companies not directly competing with plaintiff).

For the foregoing reasons, defendant's motion to compel is ALLOWED. Plaintiff shall produce the QuickBooks information sought, in electronic format, within 14 days after entry of this Order.

## III. PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel defendant to respond to Interrogatories Nos. 9 and 10, and Request for Production no. 50.[3] These discovery requests seek financial information related to

---

[3] Interrogatory No. 9 reads: "[i]temize with specificity and detail L&L's measure of damages, methodology for determining damages, and any concepts or theories of recovery employed in this lawsuit, including: an identification of the precise dollar amount of damages you claim you sustained; the precise method you used (or intend to use) to calculate the dollar amount of the damages, the person who made (or who is intended to testify to) the calculation; and the identity of all documents, persons, events, or communications that you claim support the fact or amount of damages." (D.E. 67-2 at 10).

Interrogatory 10 asks defendant to : "[s]tate (by month, quarter, and year) the revenue, both gross and net,

5

defendant's damages and the performance of defendant's WINGS stores. Defendant has objected to these discovery requests on the grounds that the information sought is not discoverable at this stage of the litigation, is confidential, or is not relevant to any claim or defense in the litigation or reasonably calculated to lead to the discovery of admissible evidence. The court will address the requests in turn.

### A. Interrogatory No. 9

Interrogatory No. 9 requests an itemized breakdown of defendant's alleged damages and any support for those calculations. Defendant states that upon receipt of information from plaintiff that has been promised or is the subject of its motion to compel, as discussed above, it will supplement its answer to this interrogatory. At this juncture, the court is satisfied with defendant's response and the portion of plaintiff's motion seeking a more detailed response is DENIED WITHOUT PREJUDICE. Plaintiff may renew its motion if after defendant's answer to Interrogatory No. 9 is supplemented, plaintiff contends the answer is still deficient. Such supplementation shall be made by defendant within 14 days after receipt of the promised information referenced above and the document production ordered herein.

### B. Interrogatory No. 10 and Request for Production No. 50

Interrogatory No. 10 and Request for Production No. 50 seek information relating to revenue, both gross and net, generated by each of defendant's stores that use or have used the name WINGS.

---

generated by each of your stores that use or have used the name 'Wings,' either by itself or in conjunction with other words, from December 31, 2005 through the present." (*Id.*).

Request for Production no. 50 seeks: "[f]or each of your stores that has used, or is using the name 'Wings,' whether 'Wings' is used by itself or in conjunction with other words, all documents evidencing the revenue, gross and net, generated by that store from December 31, 2005 through the present, including but not limited to income statements and financial statements. (*Id.* at 26).

6

Case 2:11-cv-00044-F Document 97 Filed 10/16/12 Page 6 of 8

Plaintiff contends that the financial information is relevant, in part, as evidence of any lost profits damages defendant seeks. (Pl.'s Mem. (D.E. 67) 5). In response, defendant states that it is not seeking to recover lost profits or any other damages on its own operations and will stipulate to that fact: "For purposes of the claims asserted in this civil action, [defendant] will stipulate that [it] is not seeking, and will not seek, to recover any damages that are measured on the basis of [its] financial information." (Def.'s Mem. (D.E. 74) 2-3). As a result, defendant argues, the financial information plaintiff seeks is not relevant as evidence of defendant's damages.

Treating the quoted statement by defendant as the promised stipulation itself, the court agrees. In light of the stipulation, the financial information plaintiff seeks is not discoverable as evidence of any damages defendant seeks. This basis for plaintiff's motion to compel is therefore meritless.

Plaintiff also contends that the financial information concerning defendant is relevant to its own claims. Specifically, it argues that the information relates to the value of the WINGS mark and thereby any damages incurred by it as a result of defendant's purported termination of plaintiff's right to use the WINGS mark under the Consent Agreement. (Pl.'s Mem. 5-6).

The court finds that plaintiff has not demonstrated relevance on this ground. Plaintiff's use of the WINGS mark has not stopped, but continues through the present. Plaintiff therefore appears not to have incurred any damages based on nonuse of the WINGS mark, and the financial information is therefore not relevant as proof of any such damages.

If plaintiff is successful on its breach of contract claim, it seeks to continue its use of the WINGS mark to the extent provided under the Consent Agreement. Given the apparent absence of damages to plaintiff under this eventuality, the financial information is, again, not relevant as proof of such damages. If plaintiff is not successful on its breach of contract claim, it would, by

7

definition, have incurred no damages resulting from breach of the Consent Agreement. Again, the financial information sought would not be relevant as proof of such nonexistent damages.

Evidence of the valuation of the WINGS mark also appears not to be relevant to defendant's counterclaims because, as discussed, it has stipulated that "[it] is not seeking, and will not seek, to recover any damages that are measured on the basis of [its] financial information." (Def.'s Mem. (D.E. 74) 2-3). Thus, if there is a theory under which the financial information plaintiff seeks concerning defendant is relevant, it has failed to demonstrate it. The portion of plaintiff's motion to compel seeking further responses to Interrogatory No. 10 and Request for Production No. 50 is accordingly DENIED.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion (D.E. 56) to compel is ALLOWED on the terms set forth above and plaintiff's motion (D.E. 66) to compel is DENIED WITHOUT PREJUDICE in part and DENIED in part. Each party shall bear its own expenses incurred in connection with the motions on the grounds that the circumstances would make the award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

SO ORDERED, this the 15th day of October 2012.

James E. Gates
United States Magistrate Judge