IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:11-CV-44-F

| | |
|---|---|
| BEACH MART, INC., | ) |
| | ) |
| Plaintiff and Counterclaim Defendant, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| L&L WINGS, INC., | ) |
| | ) |
| Defendant and Counterclaimant. | ) |

This case comes before the court on two motions: (1) a motion (D.E. 75) by defendant and counterclaimant L&L Wings, Inc. ("defendant") to reopen the deposition of Israel Golasa ("Golasa"), the President and sole shareholder of plaintiff and counterclaim defendant Beach Mart, Inc. ("plaintiff"), and for related relief, and (2) a motion (D.E. 94) by plaintiff for a protective order to terminate the deposition. Both motions have been fully briefed.[1] They have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 107). For the reasons set forth below, each motion will be allowed in part and denied in part, and the deposition of Golasa may be reopened on the terms set forth herein.

---

[1] In support of its motion to compel, defendant filed a memorandum (D.E. 76) with exhibits (D.E. 75-1 through 75-2). (Although several decisions from Westlaw were attached to defendant's memorandum, decisions in Westlaw are not deemed unpublished pursuant the Local Civil Rule 7.2(c), E.D.N.C., and need not be submitted with memoranda.) Plaintiff filed a memorandum (D.E. 96) with exhibits (D.E. 96-1 through 96-7) in opposition.
  Defendant's motion does not comply with the directive in Local Civil Rule 7.1(b), E.D.N.C., that it be concise. Totaling seven pages, it includes five pages of background information and argument that should have been included in the supporting memorandum, which was at the maximum permissible length of ten pages. *See* Local Civ. R. 7.2(e), E.D.N.C. In effect, defendant exceeded the ten-page limit by these five pages of material improperly included in the motion. *See* Local Civ. R. 7.2(e), E.D.N.C. Notwithstanding this noncompliance, the court has in its discretion considered defendant's motion on the merits.
  In support of its motion for a protective order, plaintiff filed a memorandum (D.E. 95) with exhibits (D.E. 95-1 through 95-7). Defendant filed a memorandum (D.E. 105) with exhibits (D.E. 105-1 through 105-9) in opposition.

## BACKGROUND

Plaintiff, which is in the business of operating retail stores in beach-front communities, commenced this action on 9 September 2011 against defendant, which operates the same type of businesses in different geographic areas. (Compl. (D.E. 1) ¶ 6). Defendant's businesses operate under the name WINGS in several states, and plaintiff contends that it is the owner of a U.S. trademark registration for WINGS in the retail apparel stores category. (*Id.*). In 2005, the parties entered into a Consent Agreement (D.E. 1-1) that permitted plaintiff the exclusive right to use the name BIG WINGS or SUPER WINGS in various North Carolina counties. (Compl. ¶¶ 7, 8). Defendant later purported to terminate the Consent Agreement on terms which plaintiff contends are not permissible under the Consent Agreement. (*Id.* ¶¶ 10, 11).

In its complaint, plaintiff asserts that defendant's purported termination of the Consent Agreement is a breach of contract (*id.* ¶¶ 14-18) and seeks a declaratory judgment (*id.* ¶¶ 19-22) that defendant was not permitted to terminate the Consent Agreement between the parties. Defendant filed an Answer and Counterclaims (D.E. 18) alleging that plaintiff breached the Consent Agreement and violated defendant's rights in the WINGS mark, and that defendant demanded by letter dated 9 August 2011 that plaintiff remedy the violations and properly terminated the Consent Agreement effective 21 October 2011. (Ans. & Ctrcl., *e.g.*, ¶¶ 18-27, 31). Defendant asserts counterclaims for breach of contract (*id.* ¶¶ 35-43), breach of the implied covenant of good faith and fair dealing (*id.* ¶¶ 44-52), trademark infringement pursuant to 15 U.S.C. § 1114 (*id.* ¶¶ 53-64), trademark infringement pursuant to 15 U.S.C. § 1125(a) (*id.* ¶¶ 65-70), unfair trade practices (*id.* ¶¶ 71-78), and common law unfair competition (*id.* ¶¶ 79-83). Plaintiff replied to defendant's counterclaims, generally denying the allegations. (*See generally* Reply to Ctrcl. (D.E. 21)).

Defendant took the videotaped deposition of Golasa on 13 August 2012 at defense counsel's offices in Durham, North Carolina. By agreement of the parties, a Hebrew interpreter was used to translate for Golasa, who was born in Israel and is a native Hebrew speaker. (*See* 2 July 2012 Order (D.E. 50) 1). On defendant's motion, the court allowed two hours beyond the seven hours set under Fed. R. Civ. P. 30(d)(1) to take the deposition. (*See id.*). With breaks, the deposition lasted about 12 hours, from about 10:15 a.m. until about 10:15 p.m. Counsel ultimately decided not to adjourn the deposition earlier because various attendees had traveled from Israel and other distant locales.

## APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including notices of depositions. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining

3

relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel discovery responses, including answers to questions at deposition. Fed. R. Civ. P. 37(a)(3)(B)(i).

## DISCUSSION

Defendant seeks an order that allows it to re-examine Golasa for two additional hours on three topics about which he purportedly refused to answer questions or was instructed by plaintiff's counsel not to answer questions and that requires Golasa to answer fully, completely, and directly the questions he did not answer. Defendant also requests that the continuation of the deposition be held before the court to help ensure that it proceeds properly. Plaintiff asks that the court bar any continuation of Golasa's deposition.

One of the topic areas about which defendant seeks further examination of Golasa is his naturalization as a United States citizen, which occurred in or before 1990, and his purported marriage to an American citizen from about 1986 to 1990, which defendant speculates was a sham used by Golasa to facilitate his naturalization. Defendant argues that the propriety of Golasa's conduct with respect to his naturalization and marriage to the American is relevant to his credibility in this case.

The court finds defendant's contention patently baseless. The events in question occurred some 25 years ago and 20 years prior to entry into the 2005 contract at issue. Moreover, they relate to an area having no direct relationship to this contract or the disputes relating to it. The reopening of Golasa's deposition is therefore not warranted by any need to further examine Golasa regarding his naturalization or prior marital status.

Another topic about which defendant seeks to re-examine Golasa is the effects of a serious stroke he suffered in June 2010 on his mental capacity, including his memory. (*See* Golasa Dep.

4

(D.E. 95-2) 227:2 (providing date of stroke)). Plaintiff itself appears to have raised the issue of the stroke by requesting an interpreter for Golasa's deposition, in part, on the grounds that the stroke diminished his ability to understand and speak English. (*See* Mem. Supporting Pl.'s Mot. for Interpreter (D.E. 45) 2, 4, 6; Aff. of Golasa (D.E. 45-1) ¶ 11; Aff. of Maeyan Golasa (D.E. 45-2) ¶ 7).

The court finds that the effects of the stroke on Golasa's mental capacity are relevant to his credibility as a witness as well as his capacity to comply with the Consent Agreement. While defendant did develop some evidence regarding the effects of the stroke at the deposition, plaintiff's counsel instructed Golasa not to answer other questions about them. The court will therefore permit defendant to re-examine Golasa regarding the effects of his stroke on his mental capacity as they relate to his ability to testify as a witness and to conduct plaintiff's business in conformity with the Consent Agreement, as specified below.

The final area for which defendant seeks the reopening of Golasa's deposition is the level of his participation in activities undertaken by plaintiff to change the name of its business from WINGS to SUPER WINGS pursuant to the Consent Agreement, including the specificity of instructions he gave others to carrying out such tasks. At the deposition, Golasa for the most part answered questions about particular activities by stating, in effect, that he delegated those tasks to employees and that the instructions he gave them were general in nature. The clear implication is that he did not undertake such tasks personally and did not give detailed instructions to employees to do so, although he at times did not explicitly state so notwithstanding questions seeking such information. Were this the only area for which defendant was seeking to reopen Golasa's deposition, it might not justify reopening of the deposition given the clear implication of the

5

answers Golasa did provide. Nevertheless, because the deposition must be reopened anyway, re-examination of Golasa in this area is appropriate and will be permitted.

As indicated, defendant requests two hours in which to re-examine Golasa. That request, though, encompassed three topics, whereas the court is permitting re-examination on only two. Further, the re-examination with respect to Golasa's participation in the name-changing activities should be relatively brief based on his prior testimony. In addition, defendant spent substantial time at the deposition on Golasa's immigration and marital status that could possibly have been used to obtain some of the information it continues to seek. The court concludes that an additional hour should provide defendant ample time in which to complete the re-examination of Golasa permitted herein.

It is not necessary that the deposition be taken before the court, as defendant contends. The court will, though, be available during the deposition by telephone to rule on matters that counsel are unable to resolve after a good faith effort to do so. Golasa and counsel shall meet their respective obligations at the reopened deposition. Golasa's obligations include answering fully and completely questions asked of him, unless instructed not to do so by counsel. Failure to comply with this directive can subject Golasa to sanctions, including citation for contempt. *See* Fed. R. Civ. P. 37(b)(2)(A). Counsel's obligations include that of professionalism, of which there were a number of arguable lapses at the deposition.[2] The court will take appropriate action to

---

[2] In part because of such arguable lapses and their impact on the tenor of the deposition, as well as the length of the deposition, the extended focus on Golasa's immigration and marital status, the personal nature of other subjects inquired into, Golasa's health, and the other unique circumstances presented, the court does not believe plaintiff's counsel's instructions to Golasa not to answer can justly be found to violate Fed. R. Civ. P. 30(c)(2) (authorizing instructions not to answer when necessary to present a motion under Rule 30(d)(3) to limit the deposition when, *e.g.*, it is being conducted "in a manner that unreasonably annoys, embarrasses, or oppresses the deponent"). The subject matter limitations and other directives in this order should eliminate any basis for instructions not to answer in the continuation of Golasa's deposition.

address failure by Golasa or counsel to meet their respective obligations at the continuation of his deposition.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion (D.E. 75) to reopen Golasa's deposition and plaintiff's motion (D.E. 94) for a protective order to terminate it be ALLOWED IN PART and DENIED IN PART on the following terms:

1. Defendant may reopen the deposition of Golasa on or before 10 April 2013.

2. Counsel shall propose to the court no later than 20 March 2013 three agreed-upon dates and times for the reopened deposition. The proposed dates and times shall be submitted to the undersigned's chambers via email at: documents_USMJ_Gates@nced.uscourts.gov. The court will then notify counsel of the date and time when it can be available by telephone and the deposition will be held.

3. The examination of Golasa at the re-opened deposition shall be limited to the questions appearing at pages 230:9 through 231:19 of the deposition transcript, which relate to the effects of Golasa's stroke on his mental capacity; the questions at pages 199:2 through 204:3 and 247:8 through 248:17 of the transcript, which relate to the change in name of plaintiff's business; and follow-up questions dealing with the same two topics based on Golasa's responses to these questions.

4. A Hebrew interpreter shall be used at the continuation of Golasa's deposition, as it was at the initial session of the deposition.

5. Each party shall bear its own expenses incurred in connection with the motions on the grounds that the circumstances would make the award of expenses unjust. *See* Fed. R. Civ. P. 26(c)(3), 37(a)(5)(c).

7

SO ORDERED, this the 18th day of March 2013.

_____
James E. Gates
United States Magistrate Judge