| | |
|---|---|
| BEACH MART, INC., <br>     Plaintiff, <br><br> v. <br><br> L&L WINGS, INC., <br>     Defendant. <br>_____<br><br> L&L WINGS, INC., <br>     Counterclaimant, <br><br> v. <br><br> BEACH MART, INC., <br>     Counter Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This matter is before the court on Beach Mart's motions to amend the Complaint and the Reply to L&L's counterclaims. Beach Mart has filed a Motion for Leave to File First Amended Complaint [DE-31], to which L&L has responded in opposition [DE-37]. Beach Mart also filed a Motion for Leave to File First Amended Reply [DE-42] to the counterclaims and L&L has responded in opposition [DE-47]. The motions have been extensively briefed and are now ripe for disposition.[1]

---

[1] Beach Mart describes the "cascade of briefing" that has attended the filing of these motions. Mem. Of Law in Opp'n to Def.'s Second Mot. to Strike and Mot. for Extension of Time [DE-92] at 1. The parties have filed a number of motions to strike and/or requests for hearings related to the primary motions to amend. Consequently, the court will also rule on the following additional motions in this order: L&L's Request for Hearing on Plaintiff's Motion for Leave to File First Amended Complaint [DE-39]; Beach Mart's Request to Strike and Response to Defendant's Request for Hearing [DE-40]; L&L's Objection and Motion to Strike References to Expert Reports Contained in Plaintiff's Reply Brief in Support of Motion to File First Amended Reply [DE-58]; L&L's Motion to Strike as Untimely Plaintiff's

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff Beach Mart initiated this action by filing a Complaint [DE-1] against L&L in this court on September 9, 2011, alleging a claim for breach of contract and seeking a declaratory judgment. L&L filed its Answer [DE-18] on November 22, 2011, alleging that L&L had cause to terminate the parties' agreement, and asserting counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, trademark infringement (two separate claims), unfair and deceptive trade practices, and common law unfair competition. Beach Mart filed its Reply to Defendant's Counterclaims [DE-21] on December 13, 2011.

L&L owns the rights to the trademark "Wings," which L&L registered with the United States Patent and Trademark Office on July 1, 2008. L&L maintains that its use of the Wings mark dates back to 1978 and that it has "continuously used the Trademark in connection with its goods and services" since that time. L&L's Mem. of Law in Opp'n to Pl.'s Mot. for Leave to File First Am. Compl. [DE-37] at 3. L&L maintains that it had common law trademark rights in the Wings mark at all times relevant to this lawsuit.

L&L's retail stores, known by the company's trademark "Wings," sell beach merchandise such as sunglasses, beach chairs, towels, and beach souvenirs. L&L operates approximately twenty-nine Wings stores in the coastal regions of six states. In 1995, L&L entered into an agreement with Beach Mart in which L&L allowed Beach Mart to use the Wings mark at two stores on the North Carolina coast. Israel Golasa ("Golasa"), the principal owner of Beach Mart,

---

Memorandum of Law in Opposition to Defendant's Objection and Motion to Strike References to Expert Reports [DE-72]; and Beach Mart's Memorandum of Law in Opposition to Defendant's Second Motion to Strike and Motion for Extension of Time [DE-92]. Each of these motions, for the reasons that follow, will be DENIED AS MOOT.

was a former employee of L&L and a personal friend of L&L's owner, Shaul Levy ("Levy"). Levy apparently granted Golasa and Beach Mart permission to use the mark to help Golasa start his business.

L&L alleges that at some point after 1995, Beach Mart stopped paying the license fee to use the Wings mark and continued using the mark without permission. To remedy the alleged unauthorized use, Beach Mart and Wings entered into an agreement in 2005 ("the 2005 agreement"). Under the 2005 agreement, Beach Mart agreed to use the "Wings" mark only in the form of "Big Wings" or "Super Wings" and not "Wings" standing alone. Beach Mart further agreed that it would only use "Super Wings" or "Big Wings" in eight counties within the northeastern coastal region of North Carolina.

Defendant L&L alleges that it had cause to terminate the 2005 agreement because Beach Mart violated the terms of the agreement. For example, L&L alleges that Beach Mart used the "Wings" name by itself on various advertising listings and store signs. L&L also alleges that where Beach Mart did use the "Super Wings" form, it made the "Super" substantially smaller print compared to "Wings." Based on these alleged breaches of the 2005 agreement, L&L mailed notice to Beach Mart on August 9, 2011, informing Beach Mart that it was terminating the 2005 agreement. Beach Mart vigorously denies that it breached the 2005 agreement and contends that L&L's termination of the 2005 agreement constituted breach of contract. Beach Mart consequently initiated this breach of contract action on September 9, 2011.

In its Brief in Support of Plaintiff's Motion for Leave to File First Amended Complaint [DE-32], Beach Mart seeks to add two additional parties to the lawsuit and a claim based on a

dishonored check. The check is made out to Israel Golasa[2] in the amount of $500,000.00 and it is signed by Shaul Levy. Neither Beach Mart nor L&L are listed on the check and the "for" line is left blank. The check is dated April 30, 1996. Golasa presented the check for payment on February 1, 2012, nearly sixteen years after the date the check was written.

Beach Mart maintains that Golasa sold a "highly desirable store location" and all the store inventory to Levy in exchange for the sum of $500,000.00. Proposed Am. Compl. [DE-31-2] ¶ 16. Beach Mart alleges that the purchase agreement was actually between Beach Mart and L&L and it was part of L&L's business plan to purchase additional properties for Wings stores. Beach Mart also states that Golasa waited over sixteen years to cash the $500,000.00 check because at the time Levy delivered the check to Golasa, Levy requested that Golasa hold the check for an unspecified period of time before cashing it.

## ANALYSIS

Based on the foregoing, Beach Mart argues that Golasa should be added as a plaintiff to the instant action, Levy should be added as a defendant, and the court should allow the Amended Complaint adding the claim for a dishonored check. Beach Mart reasons that the Joint Rule 26(f) Report and Discovery Plan allows amendments to the pleadings until March 15, 2012: "the parties should be allowed until March 15, 2012 to join additional parties and . . . to amend the pleadings." Joint Rule 26 Report and Disc. Plan [DE-25] at 4. Beach Mart also argues that under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). In a separate motion, Beach Mart also moves

---

[2] The handwriting on the check is somewhat difficult to read. L&L contends that Golasa's name is spelled wrong on the check. For purposes of deciding this motion, the court assumes that the check is made out to Golasa.

4

for leave to amend its Reply to L&L's counterclaims [DE-42] to add the defense of abandonment. The court will address this motion and the related motions to strike portions of Beach Mart's reply brief separately.

**A. Standard of Review**

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs amendments to the pleadings proposed, as here, beyond twenty-one days from the date the plaintiff served the complaint.[3] The Rule provides, in relevant part: "[In cases outside the twenty-one day period provided for in subsection (a)(1)], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* The Supreme Court has explained that district courts should liberally allow amendments:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of an amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend is "not to be granted automatically," *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987), and a district court has discretion to deny amendment so long as the court does not "outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting *Foman*, 371 U.S. at 182).

While the parties do not specifically address this issue in their briefing, the court notes

---

[3] Under Rule 15(a)(1), one amendment proposed within this twenty-one day time frame is allowed as a matter of course. Fed. R. Civ. P. 15(a)(1). The parties do not dispute that Beach Mart's proposed amendment falls outside this twenty-one day period.

5

that Rule 20 of the Federal Rules of Civil Procedure also applies to Beach Mart's request to amend the Complaint. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618-19 (4th Cir. 2011) ("[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."). In its motion to amend the Complaint, Beach Mart seeks to add two additional parties to the case. Accordingly, the court must analyze Beach Mart's motion under Rule 20 and Rule 15.

Rule 20 provides, in relevant part:

> **(a) Persons Who May Join or Be Joined. (1) Plaintiffs.** Persons may join in one action as plaintiffs if: **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and **(B)** any question of law or fact common to all plaintiffs will arise in the action. **(2) Defendants.** Persons . . . may be joined in one action as defendants if: **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and **(B)** any question of law or fact common to all defendants will arise in the action . . . .

Fed. R. Civ. P. 20(a)(1)-(2). As the Fourth Circuit has explained, "Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and 'should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (quoting *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)). The "transaction or occurrence" test "generally proceeds on a case by case basis." *Saval*, 710 F.2d at 1031. The test allows "'all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of events is unnecessary.'" *Id.* (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

**B. Discussion - Beach Mart's motion to amend the Complaint to add Golasa and Levy as parties and add dishonored check claim.**

Here, Golasa may not be added as a party-plaintiff unless he asserts, with respect to Beach Mart the current Plaintiff, "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Golasa obviously cannot assert the dishonored check claim "jointly or severally" with Beach Mart. The check is made out to Golasa only, not "Golasa and Beach Mart." Thus, Golasa must show that the dishonored check claim is a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that form the basis of Beach Mart's complaint against L&L or L&L's counterclaims against Beach Mart. Fed. R. Civ. P. 20(a)(1)(A).

The dishonored check claim arises out of an alleged contract to purchase a store in Myrtle Beach, South Carolina. According to Beach Mart, Levy, acting on behalf of L&L, purchased the beach merchandise store and all its inventory from Golasa for $500,000.00, intending to establish a Wings store at the location. The check, which is attached as an exhibit to the Proposed Amended Complaint, is dated April 30, 1996. For some reason, Golasa waited almost sixteen years and after this lawsuit had been filed to attempt to cash the check.

The claims in this lawsuit involve an entirely separate set of transactions between the parties. This case involves the alleged breach of a 2005 agreement between the parties, which purportedly gave Beach Mart the rights to use the "Wings" mark only in the form of "Super Wings" or Big Wings" in a clearly defined coastal region of North Carolina known as the Outer Banks. L&L's counterclaims also relate to Beach Mart's use of the mark "Wings" in the Outer

7

Banks.

In *Saval v. BL Ltd.*, 710 F.2d 1027 (4th Cir. 1983), the Fourth Circuit considered whether the trial court abused its discretion when it denied a motion to add parties under Rule 20. *Id.* at 1031-32. The plaintiffs in *Saval* requested joinder of multiple claims relating to a common defect in twelve-cylinder Jaguar automobiles. *Id.* at 1029. The Fourth Circuit held that

> The district court did not err in determining that the allegedly similar problems did not satisfy the transaction or occurrence test. The cars were purchased at different times, were driven differently, and had different service histories. Quite probably, severance would have been required in order to keep straight the facts pertaining to the separate automobiles."

*Id.* at 1031.

The court does not perceive any meaningful difference between this case and *Saval*. A claim based on a sixteen-year-old check for a store purchased well outside the geographic area relevant to the agreement between the parties cannot be considered "reasonably related" to the current claims in this case. *Id.* Levy's purchase of a South Carolina store property from Golasa is not part of the same "series of transactions or occurrences" as the negotiation of the agreement allowing Beach Mart to use the Wings mark in northeastern North Carolina. As in *Saval*, the transaction occurred at a different time, involved the purchase of a store wholly unrelated to the stores at issue in this litigation, and involved a check drawn on Levy's personal account. While it is true that Golasa is the principal owner of Beach Mart and is already extensively involved in this litigation, that fact alone cannot bring this claim within the parameters of the same transaction or occurrence test.

For the foregoing reasons, Beach Mart may not add Israel Golasa as a party under Rule 20. Without Golasa as a party, amendment under Rule 15 would be futile because Beach Mart

8

does not have standing to pursue a claim based on a check written out to Golasa.[4] *See Foman*, 371 U.S. at 182 (explaining that leave to amend should be denied where amendment would be futile). Therefore, Beach Mart's Motion for Leave to File First Amended Complaint [DE-31] is DENIED.

**C. Discussion - Beach Mart's motion to amend its Reply to L&L's counterclaims to assert defense of abandonment.**

In a separate motion, Beach Mart also seeks leave to amend its reply to L&L's counterclaims. Pl.'s Mot. for Leave to File First Am. Reply [DE-42] at 1. L&L has filed counterclaims in this case alleging breach of contract, breach of the implied covenant of good faith and fair dealing, trademark infringement (two separate claims), unfair and deceptive trade practices, and common law unfair competition. Beach Mart requests permission to add the defense of abandonment to its Reply [DE-21] to the counterclaims.

Unlike Beach Mart's request to amend the Complaint, this motion does not require adding an additional party. Accordingly, the motion is governed solely by Rule 15 of the Federal Rules of Civil Procedure. As noted, the Rule provides that "[In cases outside the twenty-one day period provided for in subsection (a)(1)] a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

---

[4] And even if Beach Mart could somehow enforce a claim based on a check payable to the order of Golasa, the court notes that this is at least a borderline case of an amendment proposed in bad faith. *Foman*, 371 U.S. at 182 (explaining district courts should deny amendments proposed in bad faith). As L&L points out in its brief opposing the amendment, "[I]t is not 'plausible' that a sophisticated businessman would wait sixteen years [and after the lawsuit had been filed] to cash a $500,000.00 check based on the alleged vague verbal representation [to wait 'for a while' before cashing the check]." L&L's Mem. of Law in Opp'n to Pl.'s Mot. for Leave to File First Am. Compl. [DE-37] at 8. In fairness to Beach Mart, the court will not make a specific finding that Beach Mart acted in bad faith. However, if Beach Mart persists in pursuing this dishonored check claim, the court may reconsider that decision.

9

requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained that

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of an amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182. L&L argues that the court should deny the amendment because it would be "futile."

In its motion requesting the amendment, Beach Mart alleges that during the deposition of Shaul Levy, L&L's Rule (30)(b)(6) representative, Beach Mart uncovered a pattern of "naked licensing" of the Wings mark. Naked licensing occurs when the trademark owner licenses use of its mark and fails thereafter to exercise quality control over the licensee's use of the mark. *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992); *Sheila's Shine Prods., Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 124 (5th Cir. 1973). A pattern of naked licensing may work an abandonment of the trademark. *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 515-16 (9th Cir. 2010); *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1075-76 n.7 (5th Cir. 1997); *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*, 213 F. Supp. 2d 612, 621 (E.D. Va. 2002).

In its response opposing the amendment, L&L claims that the amendment is futile because, as a matter of law, Beach Mart cannot establish the defense of abandonment. Specifically, L&L claims that Beach Mart's Proposed Amended Reply fails to allege the most basic element of abandonment, that the trademark has completely lost its significance as a mark of L&L's products. Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Leave to File First Am. Reply to Counterclaims [DE-43] at 6-8. L&L further claims the amendment is futile because

Beach Mart failed to allege in the Proposed Amended Reply that L&L had abandoned the mark in the specific geographic area that Beach Mart operates. *Id.* at 8-10. Finally, L&L claims that the agreement between the parties prohibits Beach Mart from using the trademark itself—"Wings" standing alone, without "Big" or "Super" attached—and thus the agreement cannot be a "naked license" to use the trademark because it does not grant a license to use the mark in the first place. *Id.* at 10-12.

None of L&L's arguments are sufficient to deny Beach Mart an opportunity to amend its Reply. As explained above, "If the underlying facts or circumstances relied upon by a [party who seeks to amend a pleading] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Each of L&L's arguments requires the court to resolve factual disputes and legal questions that are not appropriate on a motion for leave to amend a pleading.[5] Whether L&L abandoned the mark in a specific geographic area or whether the agreement is a trademark licensing agreement are questions more appropriately addressed at summary judgment, after the parties have had an opportunity to complete discovery regarding these issues. Thus, Beach Mart's Motion for Leave to File First Amended Reply [DE-42] is ALLOWED.

---

[5] L&L's first argument regarding futility is that Beach Mart did not properly plead abandonment because Beach Mart alleges that the naked licensing has resulted in a "substantial loss of significance" instead of a complete loss of significance of the mark, as required by some of the cases on naked licensing. *See, e.g.*, *Guiding Eyes for the Blind, Inc.* v. *Guide Dog Found. for the Blind*, 384 F.2d 1016, 1019 (Fed. Cir. 1967). However, Beach Mart cites to no case law or federal rule suggesting a party pleading an affirmative defense must use the precise language used in the case law to properly plead the defense. The language of Rule 15(a), that "[leave to amend] shall be freely given when justice so requires," suggests just the opposite. Fed. R. Civ. P. 15(a).

11

**D. The remaining motions related to amending the pleadings**

The parties in this case have filed a number of motions related to the primary motions to amend the Complaint/Reply. These motions are all DENIED AS MOOT. L&L's Request for Hearing on Plaintiff's Motion for Leave to File First Amended Complaint [DE-39] and Beach Mart's Request to Strike and Response to Defendant's Request for Hearing [DE-40] both relate to Beach Mart's request to add Golasa and Levy as parties. In light of the court's ruling denying Beach Mart's motion to amend the Complaint, these motions are now moot. L&L's Objection and Motion to Strike References to Expert Reports Contained in Plaintiff's Reply Brief in Support of Motion to File First Amended Reply [DE-58], L&L's Motion to Strike as Untimely Plaintiff's Memorandum of Law in Opposition to Defendant's Objection and Motion to Strike References to Expert Reports [DE-72], and Beach Mart's Memorandum of Law in Opposition to Defendant's Second Motion to Strike and Motion for Extension of Time [DE-92] all relate to Beach Mart's references to expert reports in its reply brief to L&L's opposition to Beach Mart's request to amend its Reply to the counterclaims [DE-53]. In light of the obvious infirmity of L&L's opposition to Beach Mart's request to amend its Reply [DE-47], the court did not consider Beach Mart's reply brief [DE-53] and all of the motions related to requests to strike portions of the reply brief [DE-58, -72, -92] are therefore DENIED AS MOOT

## CONCLUSION

For the foregoing reasons, Beach Mart's Motion for Leave to File First Amended Complaint [DE-31] is DENIED. L&L's Request for Hearing on Plaintiff's Motion for Leave to File First Amended Complaint [DE-39] and Plaintiff's Request to Strike and Response to Defendant's Request for Hearing [DE-40] are DENIED AS MOOT. Beach Mart's Motion for

Leave to File First Amended Reply [DE-42] is ALLOWED. L&L's Objection and Motion to Strike References to Expert Reports Contained in Plaintiff's Reply Brief in Support of Motion to File First Amended Reply [DE-58], L&L's Motion to Strike as Untimely Plaintiff's Memorandum of Law in Opposition to Defendant's Objection and Motion to Strike References to Expert Reports [DE-72], and Beach Mart's Memorandum of Law in Opposition to Defendant's Second Motion to Strike and Motion for Extension of Time [DE-92] are all DENIED AS MOOT.

SO ORDERED.

This the 19th day of March, 2013

*James C. Fox*
JAMES C. FOX
Senior United States District Judge