UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| BEACH MART, INC., <br>     Plaintiff <br><br> v. <br><br> L&L WINGS, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 2:11-CV-44-F |
| L&L WINGS, INC., <br>     Counterclaimant <br><br> v. <br><br> BEACH MART, INC., <br>     Counter Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| L&L WINGS, INC., <br>     Plaintiff <br><br> v. <br><br> SHEPARD MORROW, SUPER WINGS, LLC, <br> and BEACH MART, INC., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 2:14-CV-52-F |

ORDER

This matter is before the court on Plaintiff Beach Mart, Inc.'s Motion to Lift the Stay and for a Scheduling Conference [DE-213]. Also before the court, *sua sponte*, is whether to consolidate this action with *L&L Wings, Inc. v. Morrow*, 2:14-CV-52-F, which was transferred to this court from the Southern District of New York on August 28, 2014.

For the reasons more fully stated below, the court (1) orders that the stay entered by order

[DE-211] on April 7, 2014, is hereby lifted; (2) orders that the instant action be consolidated with *L&L Wings, Inc. v. Morrow*, 2:14-CV-52-F; (3) directs the Clerk of Court to schedule and notice a scheduling conference for October 28, 2014, to determine the schedule for future proceedings on the limited issue outlined below; and (4) orders that Beach Mart, Super Wings, and Morrow file their answers to L&L Wings, Inc.'s Amended Complaint and Jury Demand by September 30, 2014.

## I.  THE STAY

Beach Mart moved to lift the stay in this case [DE-213], and L&L does not object to lifting the stay [DE-215]. This court previously stayed this action pending proceedings in the Southern District of New York. Those proceedings have now ended. Therefore, the court ORDERS that the stay entered by order [DE-211] on April 7, 2014, is hereby LIFTED.

## II.  CONSOLIDATION

Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Courts have "broad discretion" to consolidate cases under Rule 42(a). *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977). Where claims are brought against the same party, rely on the same witnesses, allege the same misconduct, and are answered with the same defenses, the requirements of Rule 42(a) are more than satisfied. *See Harris v. L&L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997).

The instant actions satisfy the requirements of Rule 42(a). The transferred action involves claims by L&L against Morrow, Beach Mart, and Super Wings. Beach Mart created Super Wings, an entity whose sole shareholder is also Beach Mart's principal, Israel Gosala.

2

Shortly thereafter, Morrow and Super Wings executed an agreement whereby Morrow assigned all of his right, title, and interest in the Wings trademark to Super Wings. The common question of fact and law between the present action and the transferred action comprises the extent of those rights, whatever they might be. Indeed, a determination of Morrow's past rights (if any) in the Wings trademark will impact the parties' claims and defenses in both actions.

Although the two actions vary in minor respects, those differences do not impact whether to consolidate the actions. The common questions of law and fact, as well as the court's interest in judicial efficiency and managing its cases, weigh heavily in favor of consolidation. Accordingly, the court in its discretion CONSOLIDATES cases 2:11-CV-44-F and 2:14-CV-52-F. These two actions shall proceed under one consolidated case number, 2:11-CV-44-F (Consolidated Action). Each filing shall continue to reflect case numbers 2:11-CV-44-F and 2:14-CV-52-F, but shall be filed only in the consolidated action. The Clerk of Court is DIRECTED to administratively close the case file for case 2:14-CV-52-F; the action shall be reopened at the appropriate time so that judgment or other proceedings may be entered therein.

### III. SCHEDULING CONFERENCE

While Beach Mart and L&L both agree that the stay in this action should be lifted, they disagree on how to proceed thereafter. L&L suggests that this court first address the issues raised in the transferred action. However, as Beach Mart correctly notes, such a course of action would, in effect, impose an informal stay on the case. This would run counter to the court's order lifting the legal stay. Beach Mart instead wishes to pursue the original action.

Rule 42(b) of the Federal Rules of Civil Procedure allows a court to order separate trials "[f]or convenience . . . or to expedite and economize . . . ." The decision to order separate trials lies within the discretion of the court. *See Shetterly v. Raymark Indus., Inc.*, 117 F.3d 776, 782

3

(4th Cir. 1997). In this instance, the transferred and original actions both depend, in part, on the extent of Morrow's rights in the Wings trademark. Once the extent and duration of those rights are resolved, both actions can continue forward. The resolution of the *entire* transferred action, however, is not otherwise necessary before proceeding with the original action. Indeed, while the determination of Morrow's rights will be largely dispositive of the transferred action, only Counts I and II of L&L's Amended Complaint [2:14-CV-52-F, DE-22] appear to be capable of full resolution upon a determination of Morrow's trademark rights. The other Counts in the transferred action will likely require some additional showing.

Therefore, the court will issue a scheduling order that is limited to first determining the extent and duration of Morrow's rights in the Wings trademark. In preparing for the conferences, meetings, and deadlines of this scheduling order, the parties in both cases are ORDERED to limit their preparation materials and proposals to the following issues:

(1) the duration of Morrow's right, title, and interest in the Wings trademark, if any—particularly as to (a) when Morrow first acquired that right, title, and interest, and (b) when, if ever, that right, title, and interest ended—; and

(2) the extent of Morrow's right, title, and interest in the Wings trademark, if any—in particular, the extent of that right, title and interest (a) when Morrow first acquired his right, title, and interest; (b) during the time period lasting from the time Morrow entered any agreement with L&L concerning the Wings trademark until the end of that agreement; and (c) when Morrow transferred any remaining right, title, and interest he possessed in the Wings trademark to Super Wings.

The court cautions the parties that they should avoid interjecting into this litigation any issue outside the scope of Morrow's rights in the Wings trademark until that issue is resolved. The

4

court further ORDERS

(1) that the Clerk of Court schedule and notice a scheduling conference for 10:00 AM on October 28, 2014, before the undersigned, to determine the schedule for future proceedings on the limited issue discussed herein;

(2) that the parties meet and confer on or before October 14, 2014, concerning the scope of discovery for the limited issue discussed herein and deadlines for all remaining discovery and pre-trial activities; and

(3) that the parties file a proposed scheduling plan on or before October 21, 2014, concerning the scope of discovery for the limited issue discussed herein and deadlines for all remaining discovery and pre-trial activities; in the alternative, if no agreement can be reached, that the parties file separate proposals with the court concerning these issues.

## IV. DEADLINE FOR FILING ANSWERS TO L&L WING'S AMENDED COMPLAINT AND JURY DEMAND

In previous orders allowing an extension of time to file answers to L&L's Amended Complaint and Jury Demand, the court stated that it would set a deadline for filing the answers once the court ruled on the pending motion to lift the stay. That time having arrived, the court hereby ORDERS that the Defendants in *L&L Wings, Inc. v. Morrow*, 2:14-CV-52-F, respond to L&L's Amended Complaint and Jury Demand [DE-22] by no later than September 30, 2014.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that

(1) the stay entered by order [DE-211] on April 7, 2014, is hereby LIFTED;

(2) the cases 2:11-CV-44-F and 2:14-CV-52-F be CONSOLIDATED. These two

5

actions shall proceed under one consolidated case number, 2:11-CV-44-F (Consolidated Action). Each filing shall continue to reflect case numbers 2:11-CV-44-F and 2:14-CV-52-F, but shall be filed only in the consolidated action. The Clerk of Court is DIRECTED to administratively close the case file for case 2:14-CV-52-F; the action shall be reopened at the appropriate time so that judgment or other proceedings may be entered therein;

(3) the Clerk of Court schedule and notice a scheduling conference for 10:00 AM on October 28, 2014, before the undersigned, to determine the schedule for future proceedings on the limited issue discussed herein;

(4) the parties meet and confer on or before October 14, 2014, concerning the scope of discovery for the limited issue discussed herein and deadlines for all remaining discovery and pre-trial activities;

(5) the parties file a proposed scheduling plan on or before October 21, 2014, concerning the scope of discovery for the limited issue discussed herein and deadlines for all remaining discovery and pre-trial activities; in the alternative, if no agreement can be reached, that the parties file separate proposals with the court concerning each of these issues; and

(6) the Defendants in *L&L Wings, Inc. v. Morrow*, 2:14-CV-52-F, respond to L&L's Amended Complaint and Jury Demand [DE-22] by September 30, 2014.

SO ORDERED.

This the 15th day of September, 2014.

James C. Fox
JAMES C. FOX
Senior United States District Judge

6

Case 2:11-cv-00044-F   Document 220   Filed 09/15/14   Page 6 of 6