| | |
|---|---|
| BEACH MART, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>L&L WINGS, INC, )<br>)<br>Defendant, )<br>_____ )<br>)<br>L&L WINGS, INC., )<br>)<br>Counterclaimant, )<br>)<br>v. )<br>)<br>BEACH MART, INC., )<br>)<br>Counter Defendant. )<br>_____ )<br>L&L WINGS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHEPARD MORROW, SUPER WINGS, )<br>LLC, and BEACH MART, INC., )<br>)<br>Defendants. ) | **ORDER** |

Before the court are the motions of L&L Wings, Inc. ("L&L") [DE 277], Shepard Morrow ("Morrow") [DE 279] and Beach Mart, Inc. ("Beach Mart") [DE 282] for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For reasons set forth herein, all three motions are DENIED AS MOOT.

This consolidated action has a protracted history, only the relevant portion of which the court recounts. Acrimony among the parties and their lawyers has plagued this litigation from the start and at times has reached levels of unprofessionalism. The acrimony has hindered efforts at resolving or narrowing the disputed factual and legal issues and unnecessarily complicated the case.

The operative pleadings are as follows: (1) Beach Mart's amended complaint in *Beach Mart, Inc. v. L&L Wings, Inc. et al.*, No. 2:11-cv-44-F ("*Beach Mart* Case") [DE 184]; (2) L&L's answer and counterclaim [DE 18] filed in the *Beach Mart* Case; and (3) L&L's amended complaint in *L&L Wings, Inc. v. Morrow et al.*, No. 2:14-cv-52-F ("*Wings* Case") [DE 22][1]. On October 31, 2014, at the parties' request, the court divided this action into Phase I and Phase II. *See* October 31, 2014 Order [DE 241]. Phase I is limited to counts one and two (the "Morrow Issues") of the amended complaint in the *Wings* Case. *Id.* Phase II encompasses L&L's remaining claims (counts three through nine) in the *Wings* Case, in addition to Beach Mart's claims and L&L's counterclaims in the *Beach Mart* Case. Resolution of Phase I is necessary before the parties can commence Phase II discovery. *Id.*

In its November 18, 2015 Order ("November 2015 Order"), the court allowed the motions by Morrow, Beach Mart and Super Wings[2] for judgment on the pleadings as to L&L's

---

[1] L&L brings nine claims: (1) declaration that the Morrow Agreement (i.e., the trademark license agreement between L&L and Morrow) was void and without legal effect from its inception (against Morrow); (2) declaration that the Morrow Agreement terminated in 1994 (against Morrow); (3) declaration that Super Wings, LLC acquired no rights in the WINGS Trademark or otherwise as a result of the Super Wings assignment agreement and had no rights to rescind pursuant to the rescission agreement (against Super Wings); (4) declaration that Beach Mart acquired no rights in the WINGS trademark or otherwise as a result of the Beach Mart assignment agreement (against Beach Mart); (5) declaration that L&L is the owner of the WINGS name in connection with the retail stores, beachwear and beach-related products (against Morrow, Super Wings and Beach Mart); (6) breach of contract (against Morrow); (7) breach of the covenant of good faith and fair dealing (against Morrow); (8) tortious interference with contract (against Super Wings and Beach Mart); and (9) civil conspiracy to tortuously interfere with contract (against Super Wings and Beach Mart). *See Wings* Case [DE 213-2].

[2] *See* [DEs 223, 227 and 229].

declaratory judgment claims (counts one through five) in the *Wings* Case. [DE 301]. The court dismissed the declaratory judgment claims with prejudice with the exception of counts four and five as to Beach Mart, which the court dismissed without prejudice for L&L to refile as compulsory counterclaims pursuant to Rule 13(a), Fed. R. Civ. P. To date, L&L has not done so.[3]

The motions for summary judgment filed by L&L and Morrow concern counts one and two only – neither of which remain viable. The court is not going to expend limited judicial resources wading through these motions that no longer attach to any legal claims. Moreover, reviewing the hundreds of pages of evidentiary filings – some of which may no longer bear significance – serves no constructive purpose. Accordingly, the motions of L&L and Morrow are denied as moot.

Similarly, Beach Mart's motion seeks summary judgment as to the-now dismissed count one. Additionally, Beach Mart seeks "summary adjudication" of three factual issues. To the extent that Beach Mart's motion seeks judgment on count one, it too is denied as moot. As to the "summary adjudication" of issues, presumably pursuant to Fed. R. Civ. P. 56(g), the court finds that Beach Mart's motion – and L&L's response thereto – mix legal and factual issues in a manner that prevents the court from determining that specified issues are not genuinely in dispute. More importantly, not only is it is unclear how the court can adjudicate facts not associated with a count, the relevance of these facts to adjudication of Phase II claims is also unclear. Consequently, the remainder of Beach Mart's motion is denied.

Additionally, so that the court may proceed in this case in an expeditious manner, L&L shall file an amended complaint that conforms to the court's November 2015 Order, deleting the

---

[3] It is unclear whether L&L abandoned these counterclaims or whether it is waiting on the commencement of Phase II.

dismissed counts and facts specific thereto. Finally, the parties are warned that sanctions may well issue in the future unless the parties proceed in an expeditious and proper fashion toward the resolution of this lawsuit.

Based on the foregoing, it is ORDERED as follows:

1. L&L's motion for summary judgment [DE 277] is DENIED AS MOOT;

2. Morrow's motion for summary judgment [DE 279] is DENIED AS MOOT;

3. Beach Mart's motion for summary judgment [DE 282] is DENIED AS MOOT to the extent it seeks judgment on count one, and DENIED in all other respects;

4. L&L shall file an amended complaint (titled "Second Amended Complaint") that conforms to this Order and the November 2015 Order no later than **February 23, 2017**. L&L may not amend any of the dismissed claims; and

5. The parties shall filed a JOINT STATUS REPORT no later than **April 10, 2017**, which shall include:

    a. Identification of outstanding issues as to Phase I, if any, and how these issues are subject to adjudication in light of the dismissal of Phase I claims;[4]
    b. Identification of Phase II facts and issues upon which the parties agree and disagree;
    c. Nature of Phase II discovery the parties wish to undertake;
    d. A proposed Phase II scheduling order;
    e. Each party's position on settlement, including present demands and offers and history of past settlement discussions, offers and demands; and
    f. Any other information the parties believe pertinent and necessary to the resolution of this matter.

SO ORDERED.

This the 9th day of February, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[4] As noted herein, Phase I appears resolved in light of the dismissal of counts 1 and 2 of the amended complaint in the *Wings* Case.