IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| BEACH MART, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| L&L WINGS, INC., ) | | |
| ) | | |
| Defendant ) | | |
| | | |
| L&L WINGS, INC., ) | | No. 2:11-CV-44-BO |
| ) | | |
| Counterclaimant, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| BEACH MART, INC., ) | | |
| ) | | |
| Counter Defendant ) | | |
| | | |
| L&L WINGS, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | No. 2:14-CV-52-BO |
| ) | | |
| SHEPARD MORROW, SUPER WINGS, ) | | |
| LLC, and BEACH MART, INC. ) | | |
| ) | | |
| Defendants. ) | | |

ORDER

Beach Mart, Inc. has moved for an award of attorneys' fees as a prevailing party on trademark infringement claims under the Lanham Act. 15 U.S.C. § 1117(a); Fed. R. Civ. P. 54(d). By order entered October 3, 2014, the Court, *inter alia*, dismissed counterclaims for trademark infringement and unfair competition brought by L&L Wings, Inc. against Beach Mart.

Beach Mart contends that this successful disposition of the counterclaims means that it is the prevailing party for purposes of the Lanham Act's fee-shifting provisions, and that attorneys' fees should be awarded to it as this is an exceptional case. 15 U.S.C. § 1117(a). L&L Wings has opposed the motion for attorneys' fees, Beach Mart has filed a reply in support, and the matter is ripe for ruling.

## DISCUSSION

The Court dispenses with a recitation of the procedural and factual background of this matter and incorporates as if fully set forth herein its prior orders. The Lanham Act, in 15 U.S.C. § 1117(a), provides that court may in exceptional cases award reasonable attorney fees to the prevailing party. A

> court may find a case "exceptional" and therefore award attorneys fees to the prevailing party under § 1117(a) when it determines, in light of the totality of the circumstances, that (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable, (2) the non-prevailing party has litigated the case in an unreasonable manner, or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

*Georgia-Pac. Consumer Prod. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015), *as amended* (Apr. 15, 2015) (internal quotations and citations omitted). Additionally, "the losing party's conduct need not have been independently sanctionable or taken in bad faith in order to merit an award of attorney fees to the prevailing party under the Lanham Act." *Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 487 (4th Cir. 2018). The party seeking attorney fees must prove by a preponderance of the evidence that the case is an exceptional one. *Id.* at 485. "Awards of attorneys fees under [] the Lanham Act . . . are not to be made as a matter of course, but rather as a matter of the court's considered discretion." *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 144 (4th Cir. 2000).

In light of the totality of the circumstances present in this protracted litigation, the Court does not find that Beach Mart has satisfied its burden to show that this is an exceptional case such that attorney fees should be awarded. Beach Mart appears to focus on the second factor, that the non-prevailing party litigated the case unreasonably, and contends that L&L Wings acted in bad faith in pursuit of its Lanham Act infringement claims. Beach Mart relies on the Court's order awarding sanctions against L&L Wings for discovery violations under Fed. R. Civ. P. 37. [DE 233]. However, Beach Mart has already been awarded sanctions for L&L Wings' discovery violations, and Beach Mart has failed to persuade the Court that L&L's conduct in discovery should form the basis of attorney fees related to the case as a whole. *See, e.g., Monster Daddy v. Monster Cable Prod., Inc.*, No. CIV.A. 6:10-1170-MGL, 2014 WL 2780331, at *5 (D.S.C. June 19, 2014) ("Although the Court has made a finding as to the bad faith nature of Monster Daddy's conduct relative to discovery, the Court declines to use that order and those proceedings as further proof of any bad faith or unreasonable conduct on the part of Monster Daddy as to the case in its entirety and for the purpose of awarding fees under the Lanham Act."). This is particularly true where at least some of sanctioned conduct, withholding the Morrow Agreement, proved to be "much ado about nothing," as the Court later held that the Morrow Agreement terminated in 1994, and Beach Mart's claims premised thereon were dismissed. *Selee Corp. v. McDanel Advanced Ceramic Techs., LLC*, No. 1:15-CV-00129-MR, 2017 WL 3122565, at *5 (W.D.N.C. July 21, 2017).

The Court does not find that L&L Wings' position in the case was frivolous or objectively unreasonable, nor that L&L Wings was unreasonable in its manner of litigation. Finally, no consideration of compensation and deterrence would be advanced by awarding

3

attorney fees to Beach Mart under these circumstances. As this Court has previously stated, what began as a seemingly benign contract dispute turned acrimonious and swelled to include multiple claims, counterclaims, and cross-claims. [DE 301]. Although Beach Mart technically prevailed on L&L Wings' counterclaims that were dismissed as a sanction, it by no means was the clear winner in this case. Moreover, Beach Mart has not demonstrated a "high degree of culpability," *Ga.-Pac.*, 781 F.3d at 720 (citing *Tex. Pg. Stands, Inc. v. Hard Rock Café Int'l, Inc.* 951 F.2d 684-696-7 (5th Cir. 1992)), on the part of L&L Wings or that this case "stands out from others with respect to the substantive strength of a party's litigation position . . .." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

## CONCLUSION

Accordingly, having considered the motion under the appropriate standard, the Court in its discretion finds that Beach Mart has failed to demonstrate by a preponderance of the evidence that this is an exceptional case which would warrant an award of attorneys' fees. Beach Mart's motion [DE 413] is therefore DENIED. L&L Wings' request for attorneys' fees in connection with opposing the motion for attorneys' fees [DE 421 at 2 n.1] is also DENIED.

SO ORDERED, this 19 day of July, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE