IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:11-CV-44-FL

| | |
|---|---|
| BEACH MART, INC., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| L&L WINGS, INC., | ) |
| Defendant. | ) |

This matter is before the court on plaintiff's motion in limine for limited instruction as to court order on trademark usage (DE 566) and the parties' joint notice regarding the same (DE 593). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the following reasons, plaintiff's motion is granted in part and denied in part, as set forth herein.

**BACKGROUND**

In the interest of judicial economy, the court summarizes only the information pertinent to the instant motion. On October 5, 2020, plaintiff filed motion in limine for limited instruction as to court order on trademark usage, seeking to inform the jury that plaintiff may continue using the WINGS and SUPER WINGS trademarks in connection with its existing stores in the Outer Banks of North Carolina, as a result of the court's October 3, 2014, sanctions order. Defendant responded in opposition on October 10, 2020.

At final pretrial conference on October 14, 2020, the court heard argument from the parties on various motions in limine. In discussing the instant motion, the parties indicated that they may be able to resolve the issues raised by stipulating to a proposed jury instruction. The court directed the parties

to confer in good faith, and in the event they could not reach agreement, to file notice of disagreement not later than October 16, 2020.

On October 16, 2020, the parties filed joint notice indicating that they were unable to agree on the language of a proposed jury instruction. As such, each party submitted a separate proposed instruction for the court's consideration.

## COURT'S DISCUSSION

Plaintiff requests the following jury instruction:

> The Court has already determined that Beach Mart has the right to continue its use of WINGS and SUPER WINGS trademarks in the Outer Banks for its stores existing as of October 3, 2014, without regard to any rights of L&L. This determination does not affect any interests of L&L in the WINGS trademark outside of the Outer Banks.

(Notice (DE 593) at 2).

In contrast, defendant requests that the court instruct the jury as follows:

> A previous ruling in this case (a) allowed Beach Mart to continue using the Wings and Super Wings trademarks at its' existing stores in the Outer Banks, and (b) protected L&L's interests in the Wings trademark outside that zone.

(Id.).

To determine which proposed instruction is more accurate, the court turns to the October 3, 2014, sanctions order. As relevant here, it was concluded that:

> with respect to Beach Mart's use of the Wings and Super Wings trademarks, L&L is precluded from (a) asserting trademark infringement and unfair competition claims against Beach Mart, and (b) seeking any form of equitable relief from Beach Mart (including, but not limited to, injunctive relief, disgorgement of profits, or any other equitable defense). The court limits this sanction to those stores already operated by Beach Mart. That is, if Beach Mart were to begin using the Wings or Super Wings trademarks outside of Beach Mart's current geographic reach, L&L would not be precluded from then bringing meritorious trademark infringement and unfair competition claims against or seeking equitable relief from Beach Mart. The court finds the preclusion sanction to be equitable—<u>Beach Mart is allowed to continue using the Wings and Super Wings trademarks where it has been operating its stores for many years, while L&L's interests in the Wings trademark is still protected outside of that zone</u>.

2

Case 2:11-cv-00044-FL   Document 595   Filed 10/23/20   Page 2 of 3

(Order (DE 233) at 33) (emphasis added). In remanding the instant matter, the United States Court of Appeals for the Fourth Circuit affirmed the court's sanction order, noting that "[t]he court limited the sanctions to disputes involving stores already operated by Beach Mart . . . The court's order had no impact on L&L's ability to protect its interests in the mark elsewhere. <u>Beach Mart, Inc. v. L&L Wings, Inc.</u>, 784 F. App'x 118, 124 (4th Cir. 2019).

In considering the court's October 3, 2014, order, and the Fourth Circuit opinion affirming same, the court finds that plaintiff's proposed instruction is a more accurate reflection of the court's prior ruling. Although defendant's proposed instruction indicates that "[a] previous ruling in this case . . . protected L&L's interests in the Wings trademark outside [the Outer Banks]", (<u>see</u> Notice (DE 593) at 2), the court did not <u>protect</u> defendant's rights in the WINGS trademark outside of the Outer Banks; rather, the court simply did not preclude defendant from asserting those rights against plaintiff.

Having considered the parties' proposals, and matters of record, the court concludes it appropriate to instruct the jury as follows:

> The question whether Beach Mart is allowed to continue using the WINGS and SUPER WINGS trademarks in the Outer Banks for its stores existing as of October 3, 2014, is not before you. This has been decided already. However, the court's determination that Beach Mart is allowed to continue using the WINGS and SUPER WINGS trademarks in the Outer Banks for its stores existing as of October 3, 2014, does not affect any interests of L&L in the WINGS trademark outside of the Outer Banks.

## CONCLUSION

Based on the foregoing, plaintiff's motion in limine for limited instruction on court order on trademark usage is GRANTED IN PART and DENIED IN PART, on the terms set forth herein.

SO ORDERED, this the 23rd day of October, 2020.

                                                           LOUISE W. FLANAGAN
                                                           United States District Judge