IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:11-CV-44-FL

| | |
|---|---|
| BEACH MART, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) MEMORANDUM OPINION |
| L&L WINGS, INC., | ) ) |
| Defendant. | ) ) |

This matter came before the court for trial commencing November 2, 2020. The court memorializes herein reasons for denying Beach Mart, Inc.'s ("Beach Mart") renewed motion in limine to exclude certain testimony of and evidence gathered by L&L Wings Inc.'s ("L&L Wings") private investigator Michael Martinez ("Martinez") (DE 622).

**COURT'S DISCUSSION**

In its renewed motion in limine, Beach Mart seeks to preclude L&L Wings from introducing evidence gathered by L&L Wings's private investigator Martinez on relevance grounds. "[R]elevancy typically presents a rather low barrier to admissibility." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 383 (4th Cir. 2001). Indeed, evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401(a).

At final pretrial conference on October 14, 2020, the court denied Beach Mart's first motion in limine to exclude testimony of and evidence gathered by Martinez, finding that this evidence and testimony was relevant to L&L Wings's defense to Beach Mart's trademark abandonment counterclaim based upon naked licensing ("naked licensing counterclaim"). In order

for Beach Mart to prove its naked licensing counterclaim, it must establish that L&L Wings failed to exercise quality control over its licensees, such as Beach Mart. Beach Mart, Inc. v. L&L Wings, Inc., 784 F. App'x 118, 127 (4th Cir. 2019) ("'Naked licensing' occurs when the licensor fails to exercise adequate quality control over the licensee."). Among other means, a licensor exercises adequate control over a licensee by inspecting and supervising the licensee's operations. See FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 515 (9th Cir. 2010) (Courts have upheld licensing agreements where the "licensor demonstrated actual control through inspection or supervision.") (emphasis in original). Thus, Martinez's inspection of Beach Mart's operations, on L&L Wings's behalf, renders it more probable that L&L Wings exercised control over Beach Mart, its licensee, and less probable the L&L Wings engaged in naked licensing. As such, this evidence is relevant. See Fed. R. Evid. 401.

Beach Mart now argues, however, that the evidence gathered by Martinez is not relevant to Beach Mart's naked licensing counterclaim because Martinez did not inspect Beach Mart's operations for quality control purposes; rather, Martinez inspected Beach Mart's operations to determine whether Beach Mart's signage and hang tags complied with the terms of parties' 2005 licensing agreement ("2005 agreement"). However, Beach Mart's argument ignores the fact that it asked many of L&L Wings's licensees during depositions whether L&L Wings had the authority to control the licensee's signage or hang tags. (See Yacobi Dep. (DE 158-7) 35:19-23) ("Did anybody at L&L Wings tells you that when you used Wings on a sign, or on a receipt, or on a hang tag, did they ever say you had to use a certain color of the Wings name, or a certain font, or a certain typeface, or anything like that?"). In asking those questions, Beach Mart implicitly acknowledged that the ability to control and inspect signage and hang tags is relevant to the naked licensing inquiry.

2

Moreover, the underlying purpose of the prohibition against naked licensing is to ensure the public will not be deceived. See Barcamerica Int'l USA Tr. v. Tyfield Imps., Inc., 289 F.3d 589, 596 (9th Cir. 2002). Whether Beach Mart's signage and hang tags prominently displayed the word "SUPER" before the word "WINGS" is relevant to customer consumer confusion and deception. Therefore, the evidence gathered by Martinez surmounts the "low barrier to admissibility" presented by relevancy. Belk, 269 F.3d at 383.[1]

## CONCLUSION

Based on the foregoing, Beach Mart's renewed motion in limine to exclude testimony of and evidence gathered by L&L Wings's private investigator Martinez (DE 622) is DENIED.

SO ORDERED, this the 10th day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Beach Mart acknowledges that it has put forth evidence of the May 6, 2011, cease and desist letter, as well as the August 8, 2011, termination letter, evincing L&L Wings's intent to terminate the parties' 2005 agreement. Beach Mart argues, however, that Martinez was not hired until October 2011, after those letters were sent, so the evidence he gathered is not relevant to why L&L Wings terminated the 2005 agreement. Yet, the termination letter indicates that the termination will not be effective until October 21, 2011, which is after Martinez began collecting evidence. As such, the dates of the letters do not foreclose the relevancy of the evidence obtained by Martinez.

3