IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:11-CV-44-FL

| | |
|---|---|
| BEACH MART, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| L&L WINGS, INC., ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for trial commencing November 2, 2020. The court memorializes herein reasons for overruling Beach Mart, Inc.'s ("Beach Mart") objection to the court's jury instruction on the merger doctrine.

**COURT'S DISCUSSION**

Upon Beach Mart's request, the court included an instruction on the merger doctrine in an early draft of its jury instructions. The instruction at issue stated: a licensee's prior claims of any independent rights to a mark are lost, or merged into the license, when he accepts his position as licensee, thereby acknowledging the licensor owns the marks and that his rights are derived from the licensor and inure to the benefit of the licensor.

The court filed its draft jury instructions on the record under seal to facilitate the parties' review of the same. Thereafter, L&L Wings, Inc. ("L&L Wings") proposed changes to the court's draft jury instructions. As relevant here, L&L Wings requested that the following phrase precede the court's instruction on the merger doctrine: "[t]o determine rights in a mark as between licensor and licensee." (See Proposed Instruction (DE 630) at 3). In the alternative, L&L Wings requested

that the court omit the merger doctrine instruction in its entirety. Over Beach Mart's objection, the court adopted L&L Wing's proposed alteration, and instructed the jury as follows:

> To determine rights in a mark as between licensor and licensee, a licensee's prior claims of any independent rights to a mark are lost, or merged into the license, when he accepts his position as licensee, thereby acknowledging the licensor owns the marks and that his rights are derived from the licensor and inure to the benefit of the licensor.

The United States Court of Appeals for the Fourth Circuit applied the merger doctrine in Grand Lodge Improved, B.P.O.E. of the World, v. Eureka Lodge No. 5, Indep. Elks, 114 F.2d 46, 48 (4th Cir. 1940).[1] In Grand Lodge, the national order of the Elks sought to enjoin a local Elks lodge, which was previously affiliated with the national order, from using the ELKS mark. 114 F.2d at 47. Even though the local Elks lodge had used the ELKS mark prior to the national order's incorporation, the Fourth Circuit found that the local lodge could not rely on its prior use of the mark as a defense because "any separate existence which [the local lodge] may have had prior to 1899 was merged with that of plaintiff on acceptance of the charter." Id. at 48.

Certain district courts have also applied the merger doctrine. See e.g., Dress for Success Worldwide v. Dress 4 Success, 589 F. Supp. 2d 351, 363 (S.D.N.Y. 2008) ("The Court follows the lead of the Fourth Circuit, several district courts, and a well-respected trademark treatise in applying the merger rule to the instant case. Whatever common law rights D4S possessed in its

---

[1] Beach Mart argues that the Fourth Circuit applied the merger doctrine in remanding this case, when it explained:

> it is black letter law that a licensee's use of a mark inures to the benefit of the licensor, and the licensee does not acquire its own ownership rights. Thus, any period during which L&L used the mark as a licensee of [Shepard] Morrow would not support L&L's later claim of ownership in the mark.

Beach Mart, Inc. v. L&L Wings, Inc., 784 F. App'x 118, 128–29 (4th Cir. 2019) (citations omitted). However, the Fourth Circuit did not address L&L Wings's rights in the WINGS mark that existed before L&L Wings entered into the license agreement with Shepard Morrow, or otherwise reference the merger doctrine.

2

DRESS 4 SUCCESS mark were extinguished when D4S signed the Agreements."); Nat'l Council of Young Men's Christian Ass'n of U.S. v. Columbia Young Men's Christian Ass'n of Columbia, SC, No. CIV.A. 3:86-3304-16, 1988 WL 144985, at *4 (D.S.C. Aug. 2, 1988) ("[D]efendant should not be permitted to assert a defense of prior use based on its use of the plaintiff's name or marks before it ratified the plaintiff's constitution and became a charter member of the national organization. Accordingly, . . . the doctrine of merger bars the prior use defense.") (internal citation omitted).

In each of the foregoing cases, the merger doctrine was applied in determining the interests between a person or entity granting the right to use a mark and the person or entity receiving the right to use the mark. Beach Mart has not identified, nor is the court aware of, any case law to the contrary. Therefore, the court finds that the language proposed by L&L Wings accurately reflects case law on the merger doctrine, and the court instructs the jury accordingly.

## CONCLUSION

Based on the foregoing, the court OVERRULES Beach Mart's objection to the court's jury instruction on the merger doctrine.

SO ORDERED, this the 17th day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge